**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.    ) | CASE NO: 2:05-cr-266-WHA |
| ) | |
| JONATHAN N. GOLDEN   ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF SENTENCING POSITION**

    **COMES NOW** the Defendant JONATHAN GOLDEN, by and through undersigned counsel, and respectfully submits the following in support of his sentencing position that the appropriate and reasonable sentence to be imposed is a total sentence of no greater than 90 days incarceration, followed by supervised release for a total term of three years. Mr. Golden is before the Court for sentencing on a plea of guilty to one count of being a drug user in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3), and one count of simple possession of methamphetamine, in violation of 21 U.S.C. § 844(a).

    In support of this memorandum, the defendant would show the following:

**Plea Agreement**

    On October 16, 2006, a plea agreement was filed in this case. (Presentence Report, paragraph 3; Doc. 28). Pursuant to that agreement, Mr. Golden pled guilty to both counts of the indictment. In exchange for Mr. Golden's plea of guilty and acceptance of the offense level enhancements, the government agreed to a two or three level reduction in the applicable offense level for acceptance of responsibility and a possible two level reduction

under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).[1]  The government also agreed: "to recommend that the defendant should receive a sentence at the low-end of the applicable advisory guideline range, and to recommend, if the defendant is determined by the Court to be eligible for a split sentence and/or probation, that such be given, if such is determined by the Court at sentencing." (Doc. 28, page 4, paragraph c).

The plea agreement does not limit any defense motions for downward departure or request for variance and Mr. Golden has preserved his right to file a direct appeal of any findings made under U.S.S.G. §4 A1.2. (Doc. 28, page 7, paragraph d).

### Sentencing Law

Based on the Supreme Court's decision in *United States v. Booker*, 542 U.S. 220 (2005), the United States Sentencing Guidelines are merely advisory and should be considered as such in the sentencing of Mr. Golden. However, a sentencing court must still consult the guidelines and consider them when imposing sentence. *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006)(citing *Booker*, 125 S.Ct. at 767.)[2]  While the guidelines

---

[1] No motion for a "5K" downward departure has been filed by the government. Mr. Golden has participated in a lengthy proffer and the government believes he was truthful in that proffer. However, based on other investigative priorities and the age of the information provided, the government does not deem the motion appropriate at this time and does not anticipate filing such motion.

[2] The Supreme Court has granted review in two cases raising questions on what deference, if any, is to be given to the guidelines. *Claiborne v. United States*, --- U.S. ----, 127 S.Ct. 551, --- L.Ed.2d ---- (cert.granted, Nov. 3, 2006); and *Rita v. United States*, --- U.S. ----, 127 S.Ct. 551, 855, --- L.Ed.2d ---- (cert.granted, Nov. 3, 2006). "In *Claiborne*, the Court will consider whether it is consistent with the advisory cast of the Guidelines system post-*Booker* to require that extraordinary circumstances attend a sentence varying substantially from the Guidelines. *Rita* includes the question whether is it consistent with *Booker* to accord a presumption of

should be consulted, a sentencing court must also consider, without limitation, any information concerning the background, character and conduct of the defendant. See 18 U.S.C.§3661; U.S.S.G. §1B1.4.

"After [a] district court has calculated correctly the defendant's Guideline range, it 'may impose a more severe or more lenient sentence' that [is] review[ed] for reasonableness." *United States v. Winingear*, 422 F.3d 1241, 1244 (11th Cir. 2005)(quoting *United States v.Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005)). 18 U.S.C.§3553(a) provides:

> (a) Factors to be considered in imposing a sentence.-- The court shall impose a sentence sufficient, **but not greater than necessary**, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for –
> \*\*\*
> (5) any pertinent policy statement –
> \*\*\*

---

reasonableness to a within-Guidelines sentence." *Cunningham v. California*, — U.S. — , 2007 WL 135687, \*10 at n. 13 (U.S.Cal.).

>   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>   (7) the need to provide restitution to any victims of the offense.

(emphasis added).

As the sentencing guidelines are no longer mandatory, "judges [are] to take account of the [g]uidelines together with other sentencing goals." *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005)(citing 18 U.S.C.A. §3553(a)(Supp.2004)). "In sum, in every case, a court must now consider *all* of the §3553(a) factors, not just the guidelines." *United States v. Ranum*, 353 F.Supp.2d 984, 986 (E.D. Wis. 2005)(emphasis in original).

"[C]ourts are free to disagree, in individual cases in the exercise of discretion, with the actual range proposed by the guidelines, so long as the ultimate sentence is reasonable and carefully supported by reasons tied to the §3553(a) factors." *United States v. Rodriguez*, 406 F.3d 1261, 1288 (11th Cir. 2005)(citing *Ranum*, 353 F.Supp.2d at 987). Appellate courts have approved "a variance [from the guidelines, which is] based on case-specific, individualized applications of the § 3553(a) factors." *United States v. Williams*, 472 F.3d 835, 839 (11th Cir. 2006) (citing the affirmance of a variance imposed in *United States v. Marcus Williams*, 435 F.3d 1350 (11th Cir. 2006).

### Jonathan Golden's Background

Mr. Golden was born on January 3, 1979 in Montgomery, Alabama, to Timothy and Vera Golden. Mr. and Mrs. Golden have an older child, Melissa, and each also has older children from a previous marriage. Jonathan Golden has lived his entire life in Elmore

County, Alabama. Both Mr. Golden's parents are employed at Walmart. Jonathan Golden has been working for his half-brother, Timothy Wilson, since September 2005. His job involves construction of log houses in Alabama and adjoining states.[3] (Presentence Report, paragraph 38; Doc. 32, attached Affidavit of Timothy Wilson; Doc. 36, attached photographs.)

Jonathan Golden has a learning disability and Attention Deficit Disorder. He took special education classes and ultimately left school in the 9th grade. (Presentence Report, page 2; Doc. 35, Affidavit of Linda Rigsby, p. 3). His present reading abilities are poor and he is limited in his ability to learn and retain academic information. (Doc. 32, attached Affidavit of Linda Taffet, Exhibit 7). Despite these academic limitations, he is a hard worker and a reliable employee. (Doc. 32, attached Affidavit of Timothy Wilson.)

Jonathan Golden's daughter Alicia was born when Mr. Golden was a teenager. Mr. Golden married his daughter's mother. For a while, the young family lived with his parents. (Doc. 32, attached Affidavits of Crystal Golden and Sue Adams.) Today, he and his wife Crystal are still together, successfully raising their daughter. Mr. Golden is a loving, involved father, who participates fully in his daughter's life. (Presentence Report, paragraph 33; Doc. 32, attached Affidavits of Crystal Golden and Sue Adams; Doc. 36, attached photographs.)

---

[3] Because of the probability of incarceration and the possibility of electronic monitoring, Jonathan Golden has obtained alternate employment with his half-brother Mark Golden, who has a construction company working in the Millbrook area.

## Jonathan Golden's Character

As reflected in the Pre-sentence Report, Mr. Golden began using drugs as a teenager. He was convicted of simple possession of marijuana in 1998 and 2003. (Presentence Report, paragraphs 22 - 24). By 2004, he was a heavy, daily user of methamphetamine (Presentence Report, paragraphs 5, 36.)

In April 2004, Jonathan Golden's drug use began to seriously and openly affect his life and his family's lives. (Doc. 32, attached Affidavits of Crystal Golden and Sue Adams.) He made three small sales of methamphetamine, totaling 0.64 gram, to a confidential informant on April 13, 14, and 19, 2004. (Presentence Report, paragraph 26, page 8.) On April 27, 2004 and August 30, 2004, officers were called to his home because of his violence towards his wife and a family friend. (Presentence Report, paragraphs 25, 27). In July 2004, he was arrested for the felony drug distributions which had occurred in April 2004. (Presentence Report, paragraph 26, page 7.) On January 4, 2005, he was sentenced to a reverse split sentence of confinement, and began a sentence of incarceration. (Presentence Report, paragraph 26, page 7.)

At that low point, Mr. Golden enrolled in the Substance Abuse Program (SAP) in the Alabama Department of Corrections. He successfully completed that program. (Presentence Report, paragraph 36; Exhibit.)   When he was released from custody in June 2005 and placed on state probation, he continued his drug abstinence. (Presentence Report, paragraph 26; Doc. 32, attached Affidavit of Joel Barfoot.) He has tested negative on all state probation

office and federal pretrial release drug tests.  (*Id*.; Presentence Report, paragraph 36.)

Jonathan Golden has performed "extremely well" on state probationary supervision since he began it in June 2005.  (Doc. 32, attached Affidavit of Joel Barfoot.)  He has complied with all probationary rules.  He has maintained employment and supported his family.  He has begun to work on getting his G.E.D.  He has participated in AA and demonstrated to his family, friends, and others that he is committed to a law-abiding life and to fulfilling his responsibilities as a parent, husband and citizen.  (Doc. 32, attached Affidavits of Tim Wilson, Vera Golden, Tim Golden, Crystal Golden, Sue Adams, Joel Barfoot..)

## Jonathan Golden's Conduct

This offense occurred almost three years ago, on April 27, 2004, when Mr. Golden was found in his home in possession of a pistol and shotgun and a personal use quantity of methamphetamine.  (Presentence Report, paragraph 4).  Mr. Golden admitted to law enforcement officers that he had a year-old habit of intravenous use of methamphetamine, which involved multiple uses each day.  (Presentence Report, paragraph 5).  Mr. Golden fully has accepted responsibility for his behavior and repeatedly expressed remorse for his conduct, poor judgment, and the pain and anguish caused to his family by this offense.  (Presentence Report, paragraph 9).  As the Presentence Report shows, all of his criminal behavior was drug-related and occurred over a very short period of time, which ended in August 2004.  (Presentence Report, paragraphs 22 - 27, 36.)

## Standards for a "Reasonable" Sentence

This Court must assess what constitutes a reasonable sentence and meets the sentencing objectives identified in 18 U.S.C. §3553(a). The sentence imposed must be reasonable and no more restrictive than necessary to meet those sentencing objectives.

Mr. Golden has already experienced both prison and supervision, due to the conduct for which he is now facing sentencing. He has responded to that punishment and demonstrated a productive and lawful life for over a year. Sentencing Mr. Golden to a period of incarceration above the statutory mandatory minimum of three months[4] would amount to a sentence that is greater than necessary, in violation of the reasonableness standard under 18 U.S.C.§3553(a).

**WHEREFORE,** the defendant respectfully prays that this Sentencing Position be adopted.

>Respectfully submitted,
>**s/Christine A. Freeman**
>**CHRISTINE A. FREEMAN**
>**TN BAR NO.: 11892**
>Counsel for Jonathan Golden
>Federal Defenders
>Middle District of Alabama
>201 Monroe Street, Suite 407
>Montgomery, AL 36104
>TEL:  (334) 834-2099
>FAX:  (334) 834-0353
>E-Mail: Christine_Freeman@fd.org

---

[4] Due to his prior misdemeanor convictions of simple possession of a controlled substance, Mr. Golden must serve a ninety day sentence for his possession of methamphetamine. 21 U.S.C. § 844.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Susan Redmond, Esquire, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

                                         **s/Christine A. Freeman**
                                         **CHRISTINE A. FREEMAN**
                                         **TN BAR NO.: 11892**
                                         Counsel for Jonathan Golden
                                         Federal Defenders
                                         Middle District of Alabama
                                         201 Monroe Street, Suite 407
                                         Montgomery, AL 36104
                                         TEL: (334) 834-2099
                                         FAX: (334) 834-0353
                                         E-Mail: Christine_Freeman@fd.org